UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANNIE MAE,

    Plaintiff,                    Case No. 15-cv-10449
                                                      HON. GERSHWIN A. DRAIN

vs.

DEBORAH TAITT,

    Defendant.
_____/

## ORDER DENYING APPLICATION TO PROCEED
## *IN FORMA PAUPERIS* ON APPEAL [#9] AND DENYING MOTION FOR STAY
## PENDING APPEAL [#8]

Presently before the Court is the Defendant Deborah Taitt's Motion to Proceed *in Forma Pauperis* on Appeal and Motion for a Stay Pending Appeal, both filed on February 18, 2015. On February 10, 2015, this Court entered an Order Remanding Action to the 36th District Court and Denying as Moot Application to Proceed *in Forma Pauperis*. *See* Dkt. No. 3. The Court's February 10, 2015, Order concluded that this Court lacked subject matter jurisdiction over this termination of tenancy action and that Defendant improperly removed this action from the state court. *Id.* at 3-5. Defendant filed a Notice of Appeal on February 17, 2015.

Because the Court denied Defendant's Application to Proceed *in Forma Pauperis* in this Court, Rule 24(a)(1) governs her present motion. Federal Rule of Appellate Procedure 24(a)(1) states:

    **(a) Leave to Proceed in Forma Pauperis.**
        **(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
          (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
          (B) claims an entitlement to redress; and
          (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). As an initial matter, Defendant failed to comply with the applicable appellate rule by failing to include an affidavit that describes in detail her inability to pay, that claims an entitlement to redress and states the issues she intends to present on appeal. Fed. R. App. P. 24(a)(1).

In any event, this Court's Order remanding this action to the state court is not appealable. Title 28 U.S.C. § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State Court from which it was removed pursuant to section 1442 or 1443[1] of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d); *see also Hammons v. Teamsters, Chauffeurs, etc., Local No. 20*, 754 F.2d 177 (6th Cir. 1985) ("With rare exceptions, the order of a district court remanding a case to the state court from which the case has been removed is not a final order and, standing by itself, cannot be appealed.")

---

[1] There are no federal officers or agencies in this action, thus section 1442 does not apply. Nor is the present case a civil rights action, therefore section 1443 is likewise inapplicable.

Accordingly, for the foregoing reasons, Defendant's Motion to Proceed *In Forma Pauperis* on Appeal [#9] is DENIED.  Because this Court's February 10, 2015, Order Remanding this action to the state court is not appealable, Defendant's Motion for a Stay Pending Appeal [#8] is also DENIED.

SO ORDERED.

Dated: February 25, 2015                               /s/Gershwin A Drain
                                                                    GERSHWIN A. DRAIN
                                                                    U.S. DISTRICT JUDGE